IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY L. WILLIAMS,                    )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )  Civ. No. 08-034-SLR
                                        )
STATE OF DELAWARE,                      )
CORRECTIONAL MEDICAL                    )
SERVICES, NURSE DANIELLE                )
SHOCKLEY, NURSE VICKY,                  )
WARDEN GEORGE, LT. BLAZES,              )
SGT. MILLMEN, JUDGE PAMELA              )
HOLLOWAY, PROBATION OFFICER             )
LISA K. HUDSON,                         )
                                        )
        Defendants.                     )

## MEMORANDUM ORDER

At Wilmington this $\overline{15}^{th}$ day of April, 2008, having screened the case pursuant to 28

U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons that

follow:

1. **Background**. Plaintiff Timothy L. Williams ("plaintiff"), a former inmate at the

Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this civil rights

action, pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted

leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C.

§ 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B)

provides that the court may dismiss a complaint, at any time, if the action is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some

2

factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion**. The complaint alleges as follows: Plaintiff has a "medical condition." While housed at the SCI, defendant nurse Danielle Shockley ("Shockley") acted negligently when she failed to provide him proper medical treatment and later wrote plaintiff up to discourage him from filing medical forms. Defendant nurse Vickey ("Vickey") acted negligently when she failed to provide proper medical treatment for plaintiff's documented medical condition, defamed him, and threatened to write him up if he did not take certain medication. After he sustained an injury, defendant Warden George ("George") placed plaintiff in isolation or solitary confinement.

6. Defendant Judge Pamela Holloway ("Holloway") failed to provide plaintiff a hearing in a timely manner because he was incarcerated for two months before he had a court hearing. Probation officer Lisa K. Hudson ("Hudson") defamed plaintiff's character,

3

and had him falsely arrested (apparently on a revocation issue) after stating he was on a cocaine and alcohol binge. Plaintiff's urine tested dirty, but he was not allowed to see the results.

7. As a result of the arrest, plaintiff was placed on work detail at SCI even though he had a doctor's certificate that he could not work. While on work detail he was injured twice and aggravated his preexisting medical condition. Even though the SCI medical department placed him on bed rest, defendant Lt. Blaze ("Blaze") acted abusively when, on several occasions, he threatened to mace plaintiff if he did not get up and walk. Defendant Sgt. Millmen acted abusively when he threatened to drag plaintiff down the hall after Blaze threatened to mace plaintiff.

8. **Deficient Pleading.** Named as defendants are the State of Delaware ("Delaware") and Correctional Medical Services ("CMS"). The complaint does not mention Delaware or CMS. Indeed, plaintiff provides no details regarding any alleged actions by these two defendants. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Phillips v. County of Allegheny, 515 F.3d at 232 (3d Cir. 2008) (citing Twombly, 127 S.Ct. at 1965 n.3.) The complaint is clearly deficient with regard to Delaware and CMS. The complaint fails to state a claim upon which relief may be granted and, therefore, the claims against Delaware and CMS are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

9. **Serious Medical Need.** Plaintiff alleges that he has a medical condition and that nurses Shockley and Vickey acted negligently in providing him medical treatment.

4

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice are not sufficient to establish a Constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

10. Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim against nurses Shockley and Vickey for deliberate indifference to a serious medical need. While the complaint alleges that plaintiff has a medical condition, nowhere does it state what that condition might be. Nor does the complaint allege deliberate indifference. Rather, it alleges that the two nurses were negligent. The allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference to a serious medical need and, therefore, fail to state a claim upon which relief may be granted under § 1983. The court will dismiss the claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

11. **Defamation/Verbal Abuse Harassment**. Plaintiff alleges that defendants Shockley, Vickey, Hudson, Blaze, and Millmen either slandered or threatened him. Verbal abuse and harassment do not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer,

240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

12. Additionally, plaintiff's claims of defamation are not cognizable under § 1983. Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 332 (1986) (quoting Paul v. Davis, 424 U.S. 693, 701 (1976)) ("We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'" See also Hernandez v. Hunt, Civ. A. No. 89-4448, 1989 WL 66634 (E.D. Pa. Jun 16, 1989). The claims of verbal abuse, verbal harassment, and defamation are not cognizable under § 1983. Therefore, they are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

13. **Housing**. Plaintiff alleges that George isolated him in solitary confinement following an injury. In essence, plaintiff asserts a due process violation. In reviewing an alleged due process violation, it must be determined whether the alleged violation implicates a constitutionally protected property or liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). "Liberty interests protected by the Fourteenth Amendment may arise from two sources-the Due Process Clause itself and the laws of the States."

6

Hewitt v. Helms, 459 U.S. 460, 466 (1983). In a prison setting, states may create protected liberty interests. These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484 (internal citations omitted). Notably, neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. See 11 Del. C. § 6529(e). Moreover, "'[a]s long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Hewitt, 459 U.S. at 468 (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)). It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. Hewitt, 459 U.S. at 468 (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976 ); see also Brown v. Cunningham, 730 F. Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

14. Plaintiff's transfer to solitary confinement did not violate his due process rights. Accordingly, the decision to place plaintiff there cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the

Constitution." His due process claim as a result of being housed in solitary confinement has no arguable basis in law or in fact and, therefore, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

15. **Judicial Immunity**. Plaintiff alleges that Judge Hollloway did not give him a timely hearing. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of her judicial capacity or in the "complete absence of all jurisdiction." Id. at 11-12. The complaint contains no allegations that Judge Holloway acted outside the scope of her judicial capacity, or in the absence of her jurisdiction. Mireles, 502 U.S. at 11. She is immune from suit for monetary liability under 42 U.S.C. § 1983. Accordingly, the claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

16. **Probation Revocation**. To the extent that plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). A § 1983 plaintiff who seeks to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful, must prove that the conviction or sentence has been reversed, expunged, or declared invalid. See Heck v. Humphrey, 512 U.S. 477, 487 (1994); Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998). Heck is equally applicable to a probation revocation. See Crow v. Penry, 102 F.3d 1086 (10th

8

Cir. 1996) (applying Heck to probation revocation proceeding); Antonelli v. Foster, 104
F.3d 899, 901 (7th Cir. 1997) (Heck applies to any suit "premised. . . on the invalidity of
confinement pursuant to some legal process, whether. . . parole revocation, . . . or
other"). Here, plaintiff argues that he was unlawfully arrested after probation officer
Hudson stated he was on a cocaine and alcohol binge and his urine tested "dirty".
Plaintiff has not alleged or proven, however, that his conviction, sentence, or probation
violation finding was reversed or invalidated as provided by Heck. Hence, the claim
must be dismissed.

17. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed
for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).
Amendment of the complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d
Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v.
City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE